UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>GLOBAL ARENA CAPITAL CORP.,<br><br>Defendant. | Civil Action No. |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/28/16

## ORDER TO SHOW CAUSE

Upon the Declaration of Christopher H. LaRosa in support of the Complaint and Application of the Securities Investor Protection Corporation ("SIPC"), it is hereby:

**ORDERED** that Global Arena Capital Corp. ("Defendant" or "Debtor"), show cause, if any there be, to a Judge of this Court at _11_ o'clock, _A_ .m., on _1/28/16_, 2016, in Courtroom _18C_, United States Courthouse, 500 Pearl Street, New York, New York 10007-1312, or as soon thereafter as the matter can be heard, why this Court should not enter an Order adjudicating that the customers of the Defendant are in need of the protection afforded by the Securities Investor Protection Act of 1970 ("SIPA"), 15 U.S.C. § 78aaa *et seq.*, and appointing a trustee and counsel for the trustee for the liquidation of the business and property of the Defendant in accordance with SIPA, and granting such further relief as this Court may deem necessary and proper.

**ORDERED** that creditors and all other persons or entities are notified that, subject to the other provisions of 11 U.S.C. § 362, the automatic stay provisions of 11 U.S.C. § 362(a) operate as a stay of:

Case 1:16-cv-00620-RWS   Document 4   Filed 01/28/16   Page 2 of 6

A. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other proceeding against the Defendant that was or could have been commenced before the commencement of this proceeding, or to recover a claim against the Defendant that arose before the commencement of this proceeding;

B. the enforcement against the Defendant or against property of the estate of a judgment obtained before the commencement of this proceeding;

C. any act to obtain possession of property of the estate or property from the estate;

D. any act to create, perfect or enforce any lien against property of the estate;

E. any act to create, perfect or enforce against property of the Defendant any lien to the extent that such lien secures a claim that arose before the commencement of this proceeding;

F. any act to collect, assess or recover a claim against the Defendant that arose before the commencement of this proceeding;

G. the setoff of any debt owing to the Defendant that arose before the commencement of this proceeding against any claim against the Defendant; and

H. the commencement or continuation of a proceeding before the United States Tax Court concerning the Defendant's tax liability for a taxable period the Bankruptcy Court may determine.

**ORDERED** that Defendant, its officers, directors, shareholders and employees, and any other person or persons are stayed, enjoined and restrained from directly or indirectly removing, transferring, setting off, receiving, retaining, changing, selling, pledging, assigning, or otherwise disposing of, withdrawing or interfering with any assets or property owned, controlled or in the possession of the Defendant, including but not limited to customers' securities and credit balances.

**ORDERED** that pursuant to 15 U.S.C. § 78eee(b)(2)(B)(i), any pending bankruptcy, mortgage foreclosure, equity receivership or other proceeding to reorganize, conserve or liquidate the Defendant or its property and any other suit against any receiver, conservator or trustee of the Defendant or its property, is stayed.

**ORDERED** that pursuant to 15 U.S.C. § 78eee(b)(2)(B)(ii) and (iii), and notwithstanding the provisions of 11 U.S.C. §§ 362 and 553, except as otherwise set forth in this Order, all persons and entities are stayed, enjoined and restrained, for a period of twenty-one (21) days after the date of entry of this Order or such other time as may subsequently be ordered by this Court, or any other court having competent jurisdiction over this proceeding, from enforcing liens or pledges against the property of the Defendant and from exercising any right of setoff, without first receiving the written consent of SIPC.

**ORDERED** that, pursuant to 15 U.S.C. § 78eee(b)(2)(C)(ii), and notwithstanding 15 U.S.C. § 78eee(b)(2)(C)(i), all persons and entities are stayed for a period of twenty-one (21) days, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from foreclosing on, or disposing of, securities collateral pledged by the Defendant, whether or not with respect to one or more of such contracts or agreements, securities sold by the Defendant under a repurchase agreement, or securities lent under a securities lending agreement, without first receiving the written consent of SIPC.

**ORDERED** that the stays set forth above shall not apply to:

A.  any suit, action or proceeding brought or to be brought by the United States Securities and Exchange Commission ("Commission") or any self-regulatory organization of which the Defendant is now a member or was a member within the past six months; or

B. the exercise of a contractual right of a creditor to liquidate, terminate, or accelerate a securities contract, commodity contract, forward contract, repurchase agreement, swap agreement, or master netting agreement, as those terms are defined in 11 U.S.C. §§ 101, 741, and 761, to offset or net termination values, payment amounts, or other transfer obligations arising under or in connection with one or more of such contracts or agreements, or to foreclose on any cash collateral pledged by the Defendant, whether or not with respect to one or more of such contracts or agreements; or

C. the exercise of a contractual right of any securities clearing agency to cause the liquidation of a securities contract as defined in 11 U.S.C. § 741(7); or

D. the exercise of a contractual right of any stockbroker or financial institution, as defined, respectively, in 11 U.S.C. § 101(53A) and 101(22), to use cash or letters of credit held by it as collateral, to cause the liquidation of its contract for the loan of a security to the Defendant or for the pre-release of American Depository Receipts or the securities underlying such receipts; or

E. the exercise of a contractual right of any "repo" participant, as defined in 11 U.S.C. § 101(46), to use cash to cause the liquidation of a repurchase agreement, pursuant to which the Defendant is a purchaser of securities, whether or not such repurchase agreement meets the definition set forth in 11 U.S.C. § 101(47); or

F. the exercise of a contractual right, as such term is used in 11 U.S.C. § 555, in respect of (i) any extension of credit for the clearance or settlement of securities transactions or (ii) any margin loan, as each such term is used in 11 U.S.C. § 741(7), by a securities clearing bank. As used herein, "securities clearing bank" refers to any financial participant, as defined in 11 U.S.C. § 101(22A), that extends credit for the clearance or settlement of securities

transactions to one or more Primary Government Securities Dealers designated as such by the Federal Reserve Bank of New York from time to time; or

G. any setoff or liquidating transaction undertaken pursuant to the rules or bylaws of any securities clearing agency registered under section 17A(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78q-1(b), or by any person acting under instructions from and on behalf of such a securities clearing agency; or

H. any settlement transaction undertaken by such securities clearing agency using securities either (i) in its custody or control, or (ii) in the custody or control of another securities agency with which it has a Commission approved interface procedure for securities transactions settlements, provided that the entire proceeds thereof, without benefit of any offset, are promptly turned over to any trustee appointed in this proceeding; or

I. any transfer or delivery to a securities clearing agency by a bank or other depository, pursuant to instructions given by such clearing agency, of cash, securities, or other property of the Defendant held by such bank or depository subject to the instructions of such clearing agency and constituting a margin payment as defined in 11 U.S.C. § 741(5).

**ORDERED** that personal service of a copy of the within Order to Show Cause shall be effected upon the Defendant or its attorney on or before 5 o'clock, P .m., 1-28 /16 , 2016. Service of this Order and the Complaint and Application may be made by a representative designated by SIPC. If personal service upon the Defendant cannot be made, service may be made by registered or certified mail upon the "contact employee" designated by the Defendant in its Form BD application filed with the Commission for registration as a broker-dealer, or the most recent amendment thereto, at the Defendant's main address, or mailing address if different, as shown on the Form BD (or amendment).

**ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

DATED: __1·28__, 2016

ISSUED AT: //  A.m.

_____
UNITED STATES DISTRICT JUDGE